## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

JULIO DAVID ALFONSO,                    :
                                        :
                    Petitioner,         :
                                        :    CRIMINAL ACTION NO: 00-1162-CR-Moore
vs.                                     :
                                        :    CIVIL ACTION NO: _____
UNITED STATES OF AMERICA,               :    03-20878-CIV-Moore/And
                                        :
                    Respondent.         :    20878
                                        :
_____:


## SUPPLEMENTAL BRIEF IN SUPPORT OF
## PETITIONER MOTION TO VACATE, SET ASIDE OR
## CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

    **COMES NOW** the petitioner Julio David Alfonso, in propria persona acting as his own counsel, files this Supplemental Brief in Support of his Motion to Vacate, Set Aside, or Correct his Sentence pursuant to his 28 U.S.C. §2255.

    **IN SUPPORT thereof,** Petitioner states that this Honorable Court has jurisdiction to entertain petitioner's supplemental brief pursuant to the Fed.R.Civ.P., and under 28 U.S.C. §2255.

    **AS GROUNDS therefore,** petitioner states that the grounds raised herein are with merits, and that the Motion filed pursuant to 28 U.S.C. §2255, is within the required time limitation.

ISSUE - I

## COUNSEL WAS INEFFECTIVE FOR FAILING TO
## PRESERVE ISSUES THAT HAD MERITS FOR DIRECT APPEAL

Petitioner contends that trial and appellant counsel Louis Casuso was ineffective for not preserving issues that were with merits to perfect petitioner' direct appeal.

Petitioner asserts that counsel's performance was so pervasively defective in that counsel took virtually no action at all on petitioner's behalf despite the presence of a number of issues that were clearly nonfrivolous appellant issues.

On October 31, 2001 counsel filed petitioner's direct appeal raising only one sole issue that was frivolous regarding a prior conviction that involved the petitioner being sentenced as a Career Offender. Counsel argued that this Court erred by finding that petitioner had two prior convictions for either a crime of violence , or drug trafficking crime, as required by ¶4B1.1(3). U.S.S.G. Counsel argued that petitioner's prior Nevada conviction was a conviction for "Simple Possession."

Petitioner contends that counsel failed to properly investigate the petitioner's prior Nevada conviction which clearly states, that petitioner was charged with Trafficking in a Controlled Substance.Petitioner contends that under Nevada Revised Statute §453.3385, which defines Trafficking in a Controlled Substance which provides that it is unlawful to knowingly or intentionally sell, manufacture, deliver, or actually or constructively possess a controlled substance.

If counsel would have properly investigated this issue, counsel would have seen that the sole issue that counsel raised

1

on Petitioner's direct appeal was a meritless issue due to the fact that Petitioner's may have admitted to possession during the plea colloguy, Petitioner pled guilty to Drug Trafficking.

It should also be noted that during trial Petitioner admitted that he had been convicted of drug trafficking in the Nevada case.

Petitioner contends that counsel only objected once during tril, which alone is ineffective since counsel failed to preserve any issues that could have been raised on direct appeal. Below or just a few issues that could have been raised on direct, but failure of counsel to properly investigate these issues denied the petitioner his right to perfect a direct appeal.

ISSUES:

1.   During Motion for New Trial counsel should have argured that Count's Two, Four, and Six should have been dismissed, due to the fact that the indictment was defective on its face. The indictment completely failed to allege an essential element of the charged offense. Petitioner contends that by not identifying the specific language of Title 18 U.S.C. §2 in counts, two,four, and six, petitioner was not on notice that he was being charged with **Aiding** and **Abetting.** It is common practice to attach Title 18 U.S.C. §2 to conspiracy charges, and substantive charges, where an aider and abettor charge is an active element of the case. Counsel was ineffective for failing to address the aforemention issue in the district court, as well as on direct appeal.

2.   Counsel could have and/or should have raised the issue of entrapment. But this issue was never raised during trial.

3.   Petitioner contends that he recived a Life sentence, counsel should have raised the issue regarding **Apprendi v. New Jersey,** 530, U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) Petitioner contends that **Apprendi** was significance for him since counsel could have demonstrated that count's one and two resulted in his life sentence, did not have a jury determination of quantilty of drugs, such as required under **Apprendi.**

4.   Petitioner contends that he has filed a number of motion's requesting that this court dismiss counsel of recored, and appoint new counsel to perfect petitioner's direct appeal and with the Eleventh Circuit Court of Appeal, and by dening the petitioner new counsel, Counsel was laboring under a conflict of interest.

2

5.   Counsel should have argued in direct petitioner's motion to suppress recorded statements, that none of the post-arrest statements should have been admissiable during trial.

Petitioner contends that the failure of his counsel to raise arguable issues in the Appellant Brief creates a presumption of prejudice. See, **Pension,** 488 U.S. at 86, 109 S.Ct. 346; **Davis,** 167 F.3d at 499-500.

As the Supreme Court explained in **Pension,** when counsel raises no arguably appelabe issues, the Petitioner is "Completely without representation during the appellate court's actual decision process." 488 U.S. at 88, 109 S.Ct. 346.

Merely filing a no-merit brief similary leaves the Petitioner without representaion on appeal. Thus, when counsel fails to raise any arguable issues in the applelate brief it is "inappropriate to apply either the prejudice requirement of **"Strickland"** or the Harmless error analysis of **Chapman v. State of Cal,** 386 U.S. 18, 87 S.Ct. 824 17 L.Ed.2d 705 (1967),' **Id.** at 88-89, 109 S.Ct. 346. Also see, **Lofton v. Whitley,** 905 F.2d 885, 887-88 (5th Cir.1990, presuming prejudice when counsel failed to raise arguable issues in the appellant brief.

Petitioner asserts that his direct appeal contained only a **Page and a Half** of argument which is no appeal at all, Petitioner contends that if he had plead guilty to the charges then yes this could be presentable, but Petitioner went to trial an the sole issue that was raised in direct had nothing to do with Petitioner's trial, Counsel only objected one time during trial leaving petitioner nothing to argue during direct.

The Petitioner is entitled to effective assistance of counsel in his direct appeal **Evitts v. Lucey,** 469 U.S. 387 (1985).

3

In **Heath v. Jones,** 941 F.2d 1126, (11th Cir.1991) the court held that appellate counsel's preformance was deficient. In this case appeal counsel raised only one issue and the argument occupied <u>six pages</u>.

As in the Petitiner's case counsel only raised one issue, and the argument consisted of only a page and a half, and that the argument did not have any merit to support the issue that counsel raised,

Petitioner contends that counsel was ineffective by failing to prefect an arguable appeal deinying the petitioner his right under due process, of direct appeal.

If counsel would have at least gave effort to perfect his direct appeal the outcome of Petitioner's appeal could have be Vacated in light of the issues that Petitioner brought forth within this argument, but by counsel failure to argure these issues denied tha Petitioner effective assistance of appeallate counsel.

**WHEREFORE** Petitioner prays that this argument be Vacated and that this Honorable Court  find that not only was trial counsel ineffective but, appellate counsel also.

ISSUE - II

## COUNSEL WAS INEFFECTIVE FOR FAILING TO ADDRESS THE ISSUE THAT BY NOT IDENTIFYING THE SPECIFIC LANGUAGE OF TITLE 18 U.S.C. 2 THE PETITIONER WAS NOT ON NOTICE THAT HE WAS ALSO BEING CHARGE WITH AIDING AND ABETTING IN VIOLATION OF PETITIONER DUE PROCESS RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS OF THE UNITED STATES.

The petitioner's indictment charged in Count-2 that petitioner did knowingly and intentionally attempt to possess with intent to distribute a Schedule II controlled substance, in violation of Title 21 U.S.C. Section 841(a)(1), All in violation of Title 21 U.S.C. Section 846 and 841(b)(1)(A)(ii) and Title 18 U.S.C. U.S.C. Section 2.

Count-4 did knowlingly unlawfully attempt to obstruct, delay and effect commerce and the movement of articles and commodities, by robbery, defined in Title 18 U.S.C. Section 1951(b), and 2.

Count-6 did knowingly use and carry firearms during and in relation to a drug trafficking crime, and did knowingly possess firearms in furtherance of a drug trafficking crime, in violation of Title 18 U.S.C. Section 924(c)(1) and 2.

The above clearly states the statutory language of 841,1951 and 924(c)(1), but fails to state the statutory language of Title 18 U.S.C. §2 which states:

(a)   Whoever commits an offense against the United States or aids, and abets, counsels, commands, induces or procures its commission, is punishable as a principle.

(b)   Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principle.

The indictment is defective on its face. In recent decisions in the cases of **United States v. DuBo,** 97-10443, 1999 WL 595170 (August 10,1999).

And in **United States v. Neder,** 119 S.Ct. 1827, 1841 (1999),
the Supreme Court, and the Fifth Circuit, determined that the
indictment must plead to specific statutory language in each
of the charges filed against the Petitioner. As such, there
is specific language in each statute that must be identified
to put a defendant on proper notice of what constitutes the
charge of the grand jury.

In **Neder,** the Supreme Court estblished materiality as an
essential element of mail fraud requiring that the specifics
of mail fraud be pled accordingly in an indictment. These are
two separate sections describing different acts and elements
of the offense charged.

In **United States v. DuBo,** supra, the indictment completely
failed to allege an essential element of the charged offense.
The court stated this was not a minor technical flaw subject
to harmless error analysis, but a fatal flaw requiring dismissal
of the entire indictment.

The Fifth Circuit has held in **United States v.Cabrera-Terran,**
168 F.3d 141, 143 (5th Cir.1999), that the failure of the indictment
to charge each and every essential element of an offense is
a serious constitutional violation. See also **United States v.
Morales-Rosales,** 838 F.2d 1359, 1361-62 (5th Cir.1988), "that
criminal information...does not charge...the second element
of the offense...the failure of an information to charge an
offense is a jurisdictional defect that is not waived by guilty
plea. As such because the Petitioner's indictment fails to identify
essential elements of the charges brought against him, that

6

same creates a defective indictment in violation of the Petitioner's constitutional rights. This fatal flaw requires the dismissal of the entire indictment. Title 18 U.S.C. §2 is a separate charge requiring identification of its essential element in the indictment.

The failure to include the element of willfulness (or aiding and abetting), by charging the Petitioner with violating 18 U.S.C. §2 renders an indictment constitutionally defective.

See **United States v. Kurka,** 818 F.2d 1427,1431 (9th Cir.1987). It is not amenable to harmless error review. See **United States v. Spruill,** 118 F.3d 221, 227 (4th Cir.1997). The failure to charge an essential element of a crime is by no means a mere technicaclity. See **United States v. King,** 587 F.2d 956, 963 (9th Cir.1978). Failure to plead with specificity all of the charges against the defendant created a defective indictment which failed to put the defendant on proper notice of the charges against her. See also **United States v. Pupo,** 841 F.2d 1235 (4th Cir.1988) cert. denied. 488 U.S. 842 (1988) (a defective indictment could not be saved by reference to a particular statute. Here the indictment failed to allege the words 'knowing and intentionally'.

In Petitioner's case reference to 18 U.S.C. 2 is not enough. The indictment fails to mention the words "**aiding,abetting**" (18 U.S.C.2(a)) or "**Willful**" (18 U.S.C.2(b)).

A vital function of an indictment is to provide "such description of the particular act alleged to have been commited by the accused as will enable him properly to defend against the accusation..." This principle is derived directly from the Sixth Amendment's guarantee of the right of an accused "to be informed of the nature and cause of the accusation,

Petitioner contends that this is basic to the proper functioning of our adversary system of justice.

Without sufficient information to identify that conduct which the grand jury has deemed adequate to support an indictment, an accused is at a meterial disadvantage in meeting the charge against him. See **United States v. Tomasetta,** 429 F.2d 978 (1st Cir.1970) and **United States v. Murphy,** 762 F.2d 1151 (1st Cir.1985); Federal Rules of Criminal Procedure 7(c)(1); and **Russell v. United States**, 369 U.S. 749, 82 S.Ct.1038 (1962).

By not identifying the sepcific language of Title 18 U.S.C.2, the Petitioner was not on notice that he was also being charged with **aiding and abetting.** It is common pratice to attach Title 187 U.S.C. §2 to conspiracy charges, and substantive charges, where an aider and abettor charge is an active element of the case. However, the government's use of this is also without tracking the language of the indictment and not putting the Petitioner on notice that he is also being charged as an aider and abettor.

**WHEREFORE,** the Petitioner claims that counsel was ineffective for failing to address the aforememtioned issue in the District Court, as well as on Direct Appeal, and thus has shown cause and prejudice in that same violates his due process rights under the Fifth and Sixth Amendment's of the United States Constitution.

ISSUE - III

## COUNSEL WAS INEFFECTIVE BY FAILING TO REQUEST ENTRAPMENT INSTRUCTION

Petitioner contends that counsel should be rendered ineffective by failing to request jury instruction on entrapment defense.

It is clear in the case at bar that the Government illegaly enticed, induced and procuremented this case.

The allegation brought forth will show that the petitioner was not only Illegaly enticed, but was induced and procuremented in committing the crime charged.

Petitioner contends that the whole operation was clearly a set-up by Detective Wayne Peart and Agent Isidoro Martinez.

### STATEMENT OF THE FACTS

Detective Wayne Peart contacted Martinez and advised Martinez that he had a couple of individuals who were looking to conduct a home invasion, and asked if Martinez would be willing to do the undercover part of the investigation. Martinez agreed.

TAKE NOTICE' the confidential source was only used one time for the set-up for the meeting, after the introduction to Martinez, Martinez states that he would be the only person to have contact with the defendant from that point on.

On Page 164/Greene-Redirect, Mr. Casuso states, Judge, the only thing I'm going to be asking for, it depends on what kind of case they put on, would be **entrapment**.

The Court goes on to state, Okay. We should be prepared to handle that in the event that you make that election.

Petitioner contends that trial counse did not make this

9

election, that not only did this issue come to light during
petitioner trial, also see page 3 and 4 of the trial transcripts,
which states:

**THE COURT:**   Are you confident that at the end of that testimony
that we will have put forth sufficient evidence
in the record from which a jury could find that
the defendant was entrapped?

**MR.CASUSO:**   We will find out, Judge, I don't know.

**THE COURT:**   All right. Because I want to make sure that at
least that we know up front before we get started.

Petitioner contends that the entrapment defense was never
brought to light during petitioner's trial, that attorney for
the petitioner never requested the trial judge to give instruction
on the entrapment defense.

In early December, 2000, a Miami-Dade Police Department
confidential source told officers that two individuals-later
identified as defendant's Alfonso and Enamorados were committing
armed robberies while posing as police officers and were interested
in committing a drug-related armed robbery. Miami-Dade officers
directed the source to introduce the defendants to an undercover
officer, who would pose as a disgruntled drug dealer interested
in arranging such a drug "ripoff" in order to obtain money
that his "boss" allegedly owed him.

Between December 7, and December 19, 2000, the undercover
officer spoke with both defendants several times on the telephone
and met with both defendants twice in person. All of these
calls and meetings were recorded. At the first meeting, the
undercover officer conveyed the story that his "boss" the son

10

of his original employer owed him money from a drug deal and had refused to pay. The undercover officer told the defendants that the son expected to receive a shipment of 37-40 kilograms of cocaine at the Port of Miami in the near future and that the undercover's job was to retrive the cocaine and take it to a stash house for safekeeping prior to distribution. The undercover officer then told the defendants that **he wanted them to steal the cocaine from the occupied stash house**, and that the three of them could share the proceeds from the sale of the cocaine.

On December 19, 2000, the undercover officer called the defendants to tell them the cocaine had arrived and ask whether the defendants were completely ready to commit the armed home invasion. The defendants assured the undercover officer that they were ready. The undercover officer then directed the defendants to follow one of the undercover's officer - **a confidential source whom the defendants had previously met** to a warehouse office, at which time the undercover officer would call the defendants with an address for the stash house.

Petitioner contends that during his direct on page 12 Mr. Casuso asked the petitioner how did you get to be here? which petitioner responded that I am here because **They Entrapped Me**, At this time Counsel  should have requested that the Court give the jury the entrapment defense instruction, but counsel failed to request the issue.

It is clear that Officer Marinez was introduced to the petitioner by a confidential source by the name of Nino, in which petitioner did not know, that Enamorados took the petitioner

in the house.

Nino told the petitioner that every thing was organized, that there was not going to be any problems, that everything was set, that Nino and Alex would not go because the owner of the drugs knew them or could recognize them, and they needed petitioner to go with Enamorados in order to get the drugs without any kind of problems, and then Martinez himself would buy the drugs.

Petitioner contends that at the time petitioner was working for Artistic Decorator as an upholstere making around $8.25 hour. Petitioner contends that he was predisposed at the time of the negociation, that El Nino and Enamorados got intouch with petitioner, it was never petitioner intention to commit this crime but by making only $8.25 hour, and by the government and confidential source comming to him stating that he could make up to $20,000 dollars by committing this crime was an inducment that petitioner could not but should have trun down, but the government made it sound very simple that there was not going to be any problems, and that El Nino would supply the guns, T-shirts, the ski mask, that Martinez told them to wear the police shirts backwards so the word "Police" would be bigger on front than the back.

It is clear to say that the government set this whole operation up from begining to finish, that is was never the petitioner intention to commit this crime, petitioner had a reasonable job making $8.25 hour, the petitioner contends that he was induced by not only a government confidential source but by the government also to commit a crime as to where the

12

petitioner would make alot of money. Petitioner contends that
counsel should have requested the the jury be given the entrapment
defense instruction for the mere fact that the petitioner was
entraped into making a decision in committing a crime that
the government invented.

The Petitioner should have been entitled to forgo the
instruction for strategic reasons," See **United States v. Lopez
Andino**, **831 F.2d 1164, 1171-72 (1st Cir.1987)**. In applying
Rule  31(c) this court stated if the petitioner was going to
raise the entrapment defense, It is clear that this Court seen
that this was clear that the petitioner may have been entraped
into this crime or the court would have not mention that the
defense could be entitled to this instruction.

Pursuant to Rule 31(c) the court could have properly given
the instruction even without a request and/or objection from
the defense, but neglected to address the constitutional implication
of this issue. In **United States v. Williams**,  **197 F.3d 1091,1095,
(11th Cir. 1999)**(finding error in court's failure to instruct
on supportable defense theory.").

Petitioner contends there is no way to really know beyond
a reasonable doubt what consideration the jury could have gave
if these instruction were presentend, but by counsel's failure
to request for the entrapment instruction denied the petitioner
a possible defense that could have made a different outcome
in the verdict of the petitioner. A viollation of petitioner's
constitutional rights contrary to his due process and fair
trial guarantees embraced in the Fifth and Sixth Amendments.

13

ISSUE - IV

## COUNSEL WAS INEFFECTIVE BY FAILING TO TO REQUEST THAT THE COURT GIVE PROPOSED INSTRUCTION REQUIRING JURY TO ACQUIT PETITIONER ON THE LAW THAT THE PETITIONER CANNOT CONSPIRE WITH A GOVERNMENT AGENT ALONE.

Petitioner contends that counsel should have requested that the Court give instruction requiring that the jury could acquit the petitioner if the jury found that the petitioner conspired with either a government agent and/or an informant working for the government agent.

Petitioner asserts that he was charged with Count-one; Conspiracy to possess with intent to distribute five kilograms of cocaine.

By counsel's failure to request that the court give instructions that a defendant cannot conspire with a government agent seriously impaired his ability to present his defense since there was a strong possibility that the jury convicted the petitioner of conspiring with a government agent.

Petitioner contends that the only agreement that he had was with a government agent , and a one time meeting with a confidential informant working with the government to set-up a meeting with an undercover Miami-Dade Police Detective posing as a drug trafficker. The meeting with the C.I. was a one time deal, that after the introduction to Officer Maritinez, the petitioner would have no more contact with the C.I. from that point on.

Martinez stated during trial that Detective Wayne Peart planned a meeting where Martinez was going to be present per se in the actual meeting. There was a confidential source which

14

was going to meet with Julio Alfonso, and Marcos Enamorados, in which they carried on a conversation and shortly thereafter, Martinez placed a call to the C.I. via cellular telephone, at which time the C.I. indicated it's him (Martinez) on the phone, and at this time I engaged in a conversation with Marcos Enamorados, and I believe it was also Julio Alfonso in that conversation.

Now, as far the plan for this investigation was concerned, you were the only person to have contact with the defendants from that point on? Martinez responded **"Yes"**.

It is clear from the testimony of Marrinez that he was the only one going to have contact with the defendant's, that the C.I, was out of the picture.

Petitioner contends that he did not have an agreement with any one other than the Government, and/or a Government informant.

### ARGUMENT

Petitioner contends that had counsel requested that instruction be given that a defendant cannot conspire with a government agent or an informant working in undercover for the government to prove that he did not have an illegal agreement with anyone other than a government agent, and the court would have possible refused to give these instructions it would have constitute reversible error, but by counsel's failure to request for the instruction seriously impaired petitioner's ability to conduct a reasonable defense.See; **United States v. Camejo**, 929 F.2d **610, 614 (11th Cir., ) cert, denied. 502 U.S. 880 112 S.Ct.228 116 L.Ed.2d 185 (1991),** also see; **United States v. Taylor**, **997** F.2d 1551, 1558 (D.C. Cir.1993);**United States v. Neal**, 951 F.2d 630.

15

It has been held that a defendant cannot be convicted for conspiracy with a government agent. See, **United States v.Chase**, **372 F.2d 453, 459 (4th Cir.cert, denied. 387 US 907, 87 S.Ct.1688, 18 L.Ed.2d 626 (1967).**

Petitioner contends that the government engaged in outrageous conduct in its handing of this operation. It is clear that the petitioner had no intention of committing any crime, that Marcos Enamorados met with the C.I. to set this operation into play, the petitioner had no knowledge who the C.I. (Nino) or any other persons brought into play was, the only agreement that was made in petitioner's behalf was with a government informant or a government agent acting in an undercover status.

Petitioner contends that there was no evidence at trial given to the fact that petitioner and Enamorados conspired with each other to commit this crime, that the suppose conspiracy consisted with only government agents or government informants.

**WHEREFORE,** petitioner contends that counsel should be rendered ineffective by failure to request that this court give instruction to the jury that petitioner cannot be charged with conspiracy, if the conspiracy consisted of only an agreement with government agents or a government informant, which impaired petitioner ability for a proper defense.

16

ISSUE - V

## COUNSEL WAS INEFFECTIVE BY FAILING TO
## PROPERLY INVESTIGATE AND PRESERVE ISSUES FOR DIRECT APPEAL

Petitioner contends that prior to the filing of his direct appeal petitioner requested that the Eleventh Circuit appoint new counsel due to a conflict of interest between petitioner and counsel.

Petitioner contends that counsel did not contact petitioner, but within days of the filing of his direct appeal, that petitioner was never given a copy of his direct appeal prior to the filing in the Eleventh Circuit, nor did counsel talk over with the petitioner as to any issues that he may feel that may have merits to raise on direct.

Petitioner contends that he received the denial from counsel Six (6) months after the decision from the Appellant Court, never did once counsel even inform petitioner that the appeallant court denied his direct appeal, nor did counsel inform petitioner that he had the right to file for Writ of Cert, to the Supreme Court.

Petitioner also contends due to the fact that counsel didn't forward the decision until Six (6) months later, petitioner only had six (6) months in order to prepair his 28 U.S.C. §2255 motion, without being time barred.

Furthermore, Petitioner contends that at the time of filing his direct the case of **Apprendi v. New Jersey**,530 U.S. 466, **120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)** had come to law which had counsel informed the petitioner on **Apprendi** it could have been an important issue that could have been raised in direct

17

Petitioner contends that **Apprendi** has significance for him since he believes that he can demonstrate that the two counts 1 and 2 which carry the statutory maxium of life and which resulted in his life sentence, did not have a jury determination of quantity of drugs, such as required under **Apprendi.**

In **Sanchez v. United States,** 242 F.3d 1294 (11th Cir.2001) **rehearing en banc, 2001 WL 1242087 (11th Cir. Oct. 17, 2001),** the court found:

> While under Apprendi the allowable maximum sentence for a §841 violation may diifer depending on how drug quantity was handled at the plea, trial, or sentencing phases, and on the timeliness of an Apprendi-based objection.

> The en banc majority ruled that Rogers was correct in holding that a sentence greater than the statutory maximum violates Apprendi unless drug quantity was charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt.n.7.

As a point of fact the Petitioner believes that the drug quantities were not found by a jury beyond a reasonable doubt.

Therefore, under Sanchez en banc n.8. there should have been an application of §841(b)(1)(C) rather than §841(b)(1)(A)(ii) on counts 1 and 2.

> Thus the majority en banc opinion expressly limited Rogers' analysis and conclusion about Apprendi "to those §841 cases where the defendant's sentence is both (1) directly effected by a judge-made finding of drug quantity under either §841(b)(1)(A), or §841(b)(1)(B), and (20 as a direct result of that drug quantity finding actually exceeds the statutory maximum otherwise permissible under §841(b)(1)(C).

Petitioner contends that he was prejudice by the attorney not bringing up the Apprendi issue in his direct appeal, especially,

18

since it appears that such issues being brought up post direct appeal seem to be limited in the 11th circuit as to the relief granted. See; **McCoy v. United States, Case No: 00-16434 (11th.Cir. decided Sept.25,2001)** in which McCoy, because he couldn't show cause for his failure to raise the issue on direct appeal procedurally barred from raising it after. n.10.

Petitioner asserts that counsel should be rendered ineffective for the mere fact he failed to properly investigate any other issues that could have been raised to perfect his direct appeal, or raised during sentencing. that counsel's failure to investigate is ineffective, See **Brownlee v. Haley, No: 00-15858 (11th Cir. September 16, 2002)**, the court Reversed and Remanded a death penalty conviction due to counsel's failure to investigate the facts for sentencing purposes.

Failure to prepare at sentencing strikes at the heart of the Sixth Amendment Right to Effective Assisatance of Counsel as required under **Strickland**.

**WHEREFORE**, due to counsel's failure to properly investigate Apprendi issue petitioner should not be barred from raising this issue now, that had counsel investigated this issue it could have come to light that petitioner would have met the criteria of Apprendi. by counsel failure to investigate the issue either prior to trial and as a sentencing factor was prejudice to the petitioner dening him his right to effective assistance of counsel within the meaning of Strickland, and Sixth Amendment.

19

## CONCLUSION

This court should readily address the merits of the petitioners claims and hold an evidentiary hearing to resolve the errors that have occurred in the above style cause, all being fundamental and/or jurisdictional errors.

The petitioner request an evidentiary hearing to resolve these matters as a fundamental miscarriage of justice, that affects the fundamental fairness of the proceedings and the court. See, **United States v. Addonizio**, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979).

Wherefore, the petitioner is entitled to relief in reference to the claims presentend to this court, or an evidentiary hearing should be held without hast.

Respectfully submitted

Julio David Alfonso
Reg. No: 66753-004
Fed. Corr. Cpx-USP
P.O. Box 1033
Coleman, FL. 33521-1033

20

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Supplemental Brief in Support of my 28 U.S.C. §2255 was forwarded by U.S. Mail postage prepaid to the below following listed.

Clerk of the Court
United States District Court
Southern District of Florida
Miami Division
301 N. Miami Ave. Suite-150
Miami, Florida 33128-7788

United States Attorneys Office
Kurt Stitcher, AUSA
99 North East 4th Street
Miami, Florida 33132

Acknowledged on this the _11_ day of April 2003.

Respectfully submitted

Julio Alfhonso
Reg. No: 66753-004
Fed.Corr. Cpx-USP
P.O. Box 1033
Coleman, Florida 33521-1033

cc; JDA/jdb
Clerk/copy
AUSA Stitcher/copy.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION


JULIO DAVID ALFONSO,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

_____

SUPPLEMENTAL BRIEF IN SUPPORT OF
PETITIONER'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

_____

CRIMINAL ACTION NUMBER 00-1162-CR-MOORE
CIVIL ACTION NUMBER_____

_____

JULIO DAVID ALFONSO
REG. NO: 66753-004
FEDERAL CORRECTIONAL CPX-USP
P.O. BOX 1033
COLEMAN, FLORIDA 33521-1033