```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.03-20878-Civ-Moore
                                    (00-1162-Cr-Moore)
                              MAGISTRATE JUDGE P. A. WHITE
```

JULIO DAVID ALFONSO              :

    Movant,                      :

v.                               :     **REPORT OF**
                                       **MAGISTRATE JUDGE**
UNITED STATES OF AMERICA,        :

    Respondent.                  :

Julio David Alfonso has filed a <u>pro se</u> motion to vacate pursuant to 28 U.S.C. §2255, attacking his convictions and sentence following a jury trial in Case No.00-1162-Cr-Moore. The Court has reviewed the Motion, the government's response, the PSI, and all pertinent portions of the underlying criminal file.

Alfonso was charged with drug trafficking and armed robbery offenses resulting from an attempted drug ripoff. He proceeded to jury trial, where he was convicted as charged. At sentencing, the Court determined that Alfonso was a career offender, and sentenced him to two concurrent life sentences, as well as a concurrent 240 months, 120 months, and 60 months. Alfonso appealed, and the judgment was affirmed on April 18, 2002. This timely motion to vacate ensued.

Alfonso raises the following claims:

    1.    Pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the quantity of drugs should have been submitted to the jury and proven beyond a reasonable doubt.



2.  The Court lacked jurisdiction to prosecute, convict and sentence him because his alleged robbery of cocaine did not affect interstate commerce.

3.  His conviction violates the Petite Policy because the charges originated in the State forum.

4.  Counsel was ineffective for allowing him to be convicted under 924(c) when he was actually innocent of the offense.

5.  Appellate counsel was ineffective for failing to raise the following grounds on appeal:

    A.  Trial counsel should have argued that the indictment was defective on its face for failing to properly charge 18 U.S.C. §2.

    B.  Trial counsel should have requested a jury instruction on entrapment.

    C.  Trial counsel should have raised objections pursuant to Apprendi.

    D.  His post arrest statements should not have been admissible.

In his first claim, Alfonso cites to Apprendi v. New Jersey, 530 U.S. 466 (2000), and argues that the quantity of drugs should have been submitted to the jury and proven beyond a reasonable doubt. In this case, the quantity of drugs was submitted and proven to the jury: the indictment charged Alfonso with two counts of conspiracy to possess with intent to distribute five or more kilograms of cocaine (CR/DE# 10), and the jury convicted him of those offenses (CR/DE# 78). There was no Apprendi violation.

2

In his second claim, Alfonso asserts that the Court lacked jurisdiction to prosecute, convict and sentence him because his alleged robbery of cocaine did not affect interstate commerce.

Alfonso was convicted of violating the Hobbs Act, which criminalizes conduct that "**in any way or degree** obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do." 18 U.S.C. § 1951(a)(emphasis added); United States v. Gray, 260 F.3d 1267, 1283 (11 Cir.2001), cert. denied, ___ U.S. ___ 122, S.Ct. 2672 (2002). A Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce. Stirone v. United States, 361 U.S. 212, 218 (1960), and the government need only establish a minimal effect on interstate commerce to support a violation of the Hobbs Act. United States v. Castleberry, 116 F.3d 1384, 1387 (11 Cir. 1997).

Because drug dealing is an inherently economic activity that Congress can regulate under its Commerce Clause power, the robbery of a drug dealer has been found to be the kind of act which satisfies the "affecting commerce" element of the Hobbs Act, inasmuch as such a robbery depletes the business assets of the drug dealer. United States v. Williams, 342 F.3d 350, 352 (4 Cir. 2003)(citing United States v. Fabian, 312 F.3d 550, 554 (2 Cir. 2002)).

In his third claim, Alfonso asserts that his conviction violates the Attorney General's *Petite* Policy[1] because the charges originated in the State forum. The movant argues only that the case originated within the State of Florida, not that he was prosecuted by the State of Florida. This alone fails to establish a violation of either federal law or the *Petite* policy.

In his fourth claim, Alfonso asserts that counsel was ineffective for allowing him to be convicted under 924(c) when he was actually innocent of the offense. He argues that because the drugs and the robbery were fictitious, his carrying of a firearm could not have been in furtherance of a crime of violence or drug trafficking. This claim is specious. Alfonso was convicted of drug trafficking and an attempted violation of the Hobbs Act. Because he possessed a firearm while he carried out those offenses, he was properly found guilty of the 924(c) count. Counsel was not ineffective.

In his fifth claim, Alfonso asserts that he received ineffective assistance of appellate counsel. He argues that his

---

[1] The *Petite* Policy provides:

> This policy precludes the initiation or continuation of a federal prosecution, following a prior state or federal prosecution based on substantially the same act(s) or transaction(s) unless three substantive prerequisites are satisfied: first, the matter must involve a substantial federal interest; second, the prior prosecution must have left that interest demonstrably unindicted; and third, applying the same test that is applicable to all federal prosecutions, the government must believe that the defendant's conduct constitutes a federal offense, and that the admissible evidence probably will be sufficient to obtain and sustain a conviction by an unbiased trier of fact. IN addition, there is a procedural prerequisite to be satisfied, that is, the prosecution must be approved by the appropriate Assistant Attorney General.

U.S. Attorney's Manual §9-2.031(A).

4

appellate lawyer essentially abandoned him by raising only one issue on appeal, and by failing to return his calls and letters. Alfonso complains that he would have fared better on appeal had counsel filed a brief pursuant to Anders[2], because then he would have at least been able to present the issues he wanted raised to the Eleventh Circuit.

The standard for a claim of ineffective assistance on direct appeal is the same as that for ineffective assistance at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). That is, as required by Strickland v. Washington, 466 U.S. 688 (1984), the petitioner must establish that 1) his or her counsel's representation fell below an objective standard of reasonableness, and 2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different.

Alfonso lists the issues he wanted appealed, but has failed to establish that appellate counsel was ineffective for declining to raise them, as there is no reasonable probability that they would have succeeded.

First, Alfonso asserts that the indictment was defective on its face for failing to properly charge 18 U.S.C. §2, and appellate counsel should have alleged that trial counsel was ineffective for failing to lodge that objection at trial. Alfonso was specifically charged with violation of 18 U.S.C. §2 which provides "whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is

---

[2] Anders v. California, 386 U.S. 738 (1967).

punishable as a principal." "The words 'aid and abet' need not appear in the indictment in order to sustain a conviction as an aider and abettor." <u>United States v. Sorrells</u>, 145 F.3d 744 (11 Cir. 1998)(quoting, <u>United States v. Gordon</u>, 812 F.2d 965, 968- 69 (5th Cir.1987); <u>United States v. Neal</u>, 951 F.2d 630, 633 (5th Cir.1992). Counsel was not ineffective for failing to raise this meritless issue.

Alfonso also asserts that trial counsel's failure to request jury instruction on entrapment constituted ineffective assistance of counsel, and argues that appellate counsel was ineffective for failing to raise that claim. As the record reflects that the jury was in fact instructed on the entrapment defense, (CR/DE# 79 at 22) counsel was not ineffective for failing to make a spurious argument.

Next, Alfonso asserts that appellate counsel should have raised on appeal trial counsel's failure to make objections based on <u>Apprendi</u>. As there were no meritorious objections to be made pursuant to <u>Apprendi</u>, counsel was not ineffective for failing to make them.

Finally, Alfonso asserts that his post arrest statements should not have been admitted. Following his arrest, Alfonso and his codefendant were placed in a police car where a tape recorder was hidden. Both defendants made statements which were surreptitiously recorded. Alfonso's codefendant, Enamorado, filed a motion to suppress the statements (CR/DE# 40) which was later adopted by Alfonso (CR/DE# 51), and denied. Alfonso has offered no persuasive authority to support his argument that the motion to

suppress should have been granted, and has failed to establish that appellate counsel was ineffective for declining to raise this issue on appeal.

It is therefore recommended that the motion to vacate be denied. Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this ____6th____ day of December, 2003

UNITED STATES MAGISTRATE JUDGE

cc: Julio David Alfonso, Pro Se
    Reg. No. 66753-004
    FCC USP Coleman
    P.O. Box 1033
    Coleman, FL 33521-1033

    Arthur G. Wyatt, AUSA
    U.S. Attorney's Office
    8245 N.W. 53rd Street
    Suite 101
    Miami, FL 33166